CANADY, C.J.,
dissenting.
I would discharge this case because the decision of the Second District in St. Joseph’s Hospital v. Cox, 14 So.3d 1124 (Fla. 2d DCA 2009), does not expressly and directly conflict with either Wale v. Barnes, 278 So.2d 601 (Fla.1973), or Gooding v. University Hospital Building, Inc., 445 So.2d 1015 (Fla.1984). Neither Wale nor Gooding establishes a rule of law in conflict with the decision in St. Joseph’s Hospital, 14 So.3d at 1127, that “purely speculative” expert opinion testimony— that is, opinion testimony offered with “no facts that support” the opinion — is not sufficient to establish causation in a medical negligence case. See also § 90.705(2), Fla. Stat. (2010) (“If the party [against whom expert opinion testimony is offered] establishes prima facie evidence that the expert does not have a sufficient basis for the opinion, the opinions and inferences of the expert are inadmissible unless the party offering the testimony establishes the underlying facts or data”).